**Jeffrey M. Edelson, OSB #880407**
JeffEdelson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tel: (503) 295-3085
Fax: (503) 323-9105

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

KATELYN WOLFE, an individual,

Case No.: 3:19-cv-00329-BR

Plaintiff,

**ANSWER TO COMPLAINT**

v.

HANNAH'S LLC d/b/a HANNAH THE
PET SOCIETY, an Oregon limited liability
company,

Defendant.

Defendant Hannah's LLC d/b/a Hannah The Pet Society answers plaintiff Katelyn
Wolfe's Complaint and admits, denies, and alleges as follows:

1.

Defendant denies that this Court has jurisdiction over the subject matter.

2.

Defendant admits that it is a limited liability company licensed in the State of Oregon and
conducts business in Multnomah County, Oregon.

**PAGE 1 – ANSWER TO COMPLAINT**

3.

Defendant admits that it conducts business activities in Multnomah County, Oregon, as well as other counties in the State of Oregon.

4.

Defendant admits that, on information and belief, plaintiff is a resident of Multnomah County, Oregon and that she conducted business at a defendant's location in Multnomah County, Oregon. Defendant denies the remaining allegations in paragraph 4 and expressly denies that plaintiff was employed by defendant.

5.

Defendant does not have enough information to admit or deny the allegations in paragraph 5 and therefore denies them.

6.

Defendant denies the allegations of paragraph 6, as they are legal conclusions to which no answer is required.

7.

Defendant admits that plaintiff was hired as an independent contractor to provide grooming services at its Southeast Washington Street location on or about March 1, 2017. Defendant expressly denies that plaintiff was hired as an employee of defendant.

8.

Defendant admits that plaintiff was an independent contractor. Defendant denies that plaintiff ever worked more than 40 hours per week and expressly denies the remaining allegations in paragraph 8.

9.

Defendant denies that plaintiff was misclassified. Defendant denies the remaining allegations of paragraph 9, as they are legal conclusions to which no answer is required.

**PAGE 2 – DEFENDANT'S ANSWER TO COMPLAINT**

10.

Defendant admits that it has limited expectations of the groomers who work as independent contractors at defendant, but expressly denies that defendant had a high degree of control over plaintiff and the remaining allegations in paragraph 10.

11.

Defendant admits that it had a price list for grooming services and that there was a payment made to plaintiff for grooming services outlined in her independent contractor agreement.  Defendant denies the remaining allegations in paragraph 11.

12.

Defendant admits that plaintiff performed grooming services for defendant's members at a facility owned and operated by defendant.  Defendant denies the remaining allegations in paragraph 12.

13.

Defendant admits that the independent contractor agreement did not require renewal, and could be terminated by either party without cause, but denies the remaining allegations of paragraph 13 as they are legal conclusions to which no answer is required.

14.

Defendant admits that it makes grooming services available to its members.  Defendant denies the remaining allegations of paragraph 14.

15.

Defendant admits that pet groomers need technical skills and that plaintiff performed grooming services for defendant's members.  Defendant denies the remaining allegations of paragraph 15.

16.

Defendant admits that plaintiff performed grooming services as requested by defendant's members, and that she worked either independently or with members to design the grooming plan for each pet.  Defendant further admits that plaintiff received pay based on the terms

**PAGE 3 – DEFENDANT'S ANSWER TO COMPLAINT**

outlined in her independent contractor agreement.  Defendant denies the remaining allegations of paragraph 16.

17.

Defendant denies that plaintiff was misclassified as an independent contractor. Defendant lacks knowledge or information regarding the rest of the allegations in paragraph 17 and they are therefore denied.

18.

Defendant is without information or belief to admit or deny paragraph 18.

19.

Defendant is without information or belief to admit or deny paragraph 19.

20.

Defendant is without information or belief to admit or deny paragraph 20.

21.

Defendant denies that Fred Wich is defendant's owner, and is without information or belief to admit or deny paragraph 21,

22.

Defendant admits that plaintiff worked as an independent contractor at all material times. Defendant admits that on October 4, 2018, a cat bit plaintiff in the hand.  Defendant denies the remaining allegations in paragraph 22.

23.

Defendant admits that plaintiff notified defendant of the cat bite and that she completed an incident report.  Defendant lacks sufficient knowledge or information with regard to the rest of the allegations in paragraph 23 and they are therefore denied.

24.

Defendant admits that plaintiff went to Zoom Care on October 5, 2018.  Defendant lacks sufficient knowledge or information with regard to the remaining allegations in paragraph 24 and they are therefore denied.

**PAGE 4 – DEFENDANT'S ANSWER TO COMPLAINT**

25.

Defendant admits that plaintiff was told she was not eligible for workers' compensation due to her independent contractor status. Defendant admits plaintiff returned to work at defendant's on October 10, 2018. Defendant denies the remaining allegations in paragraph 25.

26.

Defendant admits that plaintiff provided grooming services on October 10, October 12, and October 13, 2018. Defendant lacks sufficient knowledge or information with regard to the rest of the allegations in paragraph 26 and they are therefore denied.

27.

Defendant admits it canceled plaintiff's contract on October 15, 2018 due to Hannah's dissatisfaction with plaintiff's performance. Defendant denies the remaining allegations in paragraph 27.

28.

Defendant denies the allegations in paragraph 28 in their entirety.

## FIRST CLAIM FOR RELIEF

29.

Defendant incorporates its response to paragraphs 1 through 28 by reference as though fully set forth therein.

30.

Defendant denies the allegations in paragraph 30.

31.

Defendant denies the allegation in paragraph 31 as a legal conclusion.

32.

Defendant admits paragraph 32.

33.

The allegations in paragraph 33 are legal conclusions to which no response is necessary and are therefore denied.

**PAGE 5 – DEFENDANT'S ANSWER TO COMPLAINT**

34.

The allegations in paragraph 34 are legal conclusions to which no response is necessary and are therefore denied.

35.

Defendant admits that it did not pay plaintiff "time-and-a-half-wages" because plaintiff was an independent contractor. Defendant denies that plaintiff ever provided any services for more than 40 hours per week. Defendant denies the remaining allegations in paragraph 35.

36.

The allegations in paragraph 36 are legal conclusions to which no response is necessary and are therefore denied.

37.

The allegations in paragraph 37 are legal conclusions to which no response is necessary and are therefore denied.

38.

The allegations in paragraph 38 are legal conclusions to which no response is necessary and are therefore denied.

39.

The allegations in paragraph 39 are legal conclusions to which no response is necessary and are therefore denied.

40.

The allegations in paragraph 40 are legal conclusions to which no response is necessary and are therefore denied.

41.

Defendant admits that plaintiff's attorney sent a letter to defendant on January 22, 2019. The remaining allegations in paragraph 41 are legal conclusions to which no response is necessary and are therefore denied.

**PAGE 6 – DEFENDANT'S ANSWER TO COMPLAINT**

## SECOND CLAIM FOR RELIEF

42.

Defendant incorporates its response to paragraphs 1 through 28 by reference as though fully set forth therein.

43.

The allegations in paragraph 43 are legal conclusions to which no response is necessary and are therefore denied.

44.

The allegations in paragraph 44 are legal conclusions to which no response is necessary and are therefore denied.

45.

Defendant admits that it did not pay plaintiff "time-and-a-half-wages" because plaintiff was an independent contractor.  Defendant denies that plaintiff ever provided any services for more than 40 hours per week.  Defendant denies the remaining allegations in paragraph 45.

46.

The allegations in paragraph 46 are legal conclusions to which no response is necessary and are therefore denied.

47.

The allegations in paragraph 47 are legal conclusions to which no response is necessary and are therefore denied.

48.

The allegations in paragraph 48 are legal conclusions to which no response is necessary and are therefore denied.

49.

The allegations in paragraph 49 are legal conclusions to which no response is necessary and are therefore denied.

50.

Defendant admits that plaintiff's attorney sent a letter to defendant on January 22, 2019. The remaining allegations in paragraph 50 are legal conclusions to which no response is necessary and are therefore denied.

## THIRD CLAIM FOR RELIEF

51.

Defendant incorporates its response to paragraphs 1 through 28 by reference as though fully set forth therein.

52.

The allegations in paragraph 52 are legal conclusions to which no response is necessary and are therefore denied.

53.

Defendant denies the allegations in paragraph 53.

54.

Defendant denies the allegations in paragraph 54.

55.

Defendant denies the allegations in paragraph 55.

56.

The allegations in paragraph 56 are legal conclusions to which no response is necessary and are therefore denied.

## FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

57.

Defendant has acted in good faith, with reasonable grounds to believe it was not violating Oregon or federal laws.

PAGE 8 – DEFENDANT'S ANSWER TO COMPLAINT

## FIRST COUNTERCLAIM

### (Attorney Fees)

58.

Defendant is entitled to recover its attorney fees and expert costs in defending this action pursuant to ORS 659A.885(1) and ORS 20.107(1).

WHEREFORE, defendant requests judgment in its favor, and against plaintiff, including an award of its reasonable attorney fees, expert costs,  prevailing party fees, and any additional relief that is just and equitable.

DATED this 12th day of April, 2019.

MARKOWITZ HERBOLD PC


By:     *s/ Jeffrey M. Edelson*
Jeffrey M. Edelson, OSB #880407
JeffEdelson@MarkowitzHerbold.com
(503) 295-3085
Attorneys for Defendant

856350

**PAGE 9 – DEFENDANT'S ANSWER TO COMPLAINT**